## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | | |
|---|---|---|
| WILLIE C. ANDERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:08CV1072 JCH |
| | ) | |
| TOM CLEMENTS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

### MEMORANDUM AND ORDER

Before the Court is plaintiff's motion for reconsideration of this Court's dismissal of his complaint under Federal Rule of Civil Procedure 41(b). Plaintiff has also filed a notice of appeal, indicating that he wishes to appeal his dismissal to the Eighth Circuit Court of Appeals.

Plaintiff is an inmate at the Eastern Reception, Diagnostic and Correctional Center. He filed the present action on July 21, 2008, pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights in conjunction with defendants' alleged censorship of a purported religious publication, "Cry Justice Now." On August 18, 2008, the Court granted plaintiff in forma pauperis status and determined that plaintiff's claims survived an initial review under 28 U.S.C. § 1915. In that same Order, plaintiff was ordered to pay an initial partial filing fee of $6.15 no later than September 18, 2008.

On October 16, 2008, the Court dismissed plaintiff's case for failure to pay his initial partial filing fee. In the instant motion, plaintiff seeks reconsideration of the Court's Order, asserting that he filled out a request for withdrawal of funds with the Department of Corrections, and in fact, the money for the initial partial filing fee was deducted from his account on or about September 2, 2008. Plaintiff has included with his motion a copy of the check from the Department of Corrections which was intended to be provided to the Court for payment of the filing fee.

The Court has thoroughly reviewed its records and has found no evidence of payment by plaintiff, nor receipt of the check issued by the Department of Corrections on plaintiff's behalf. Thus, the Court acted properly in dismissing plaintiff's case pursuant to Federal Rule of Civil Procedure 41(b). Nevertheless, the Court has some sympathy for plaintiff's plight, given that he attempted to comply with this Court's Order, and if this Court still had jurisdiction over the matter, it would likely grant plaintiff's motion to reconsider, vacate the dismissal and provide plaintiff with another thirty (30) days to pay the initial partial filing fee. Unfortunately, the Court lost jurisdiction to grant plaintiff's motion to reconsider when he filed his notice of appeal. Mahone v. Ray, 326 F.3d 1176, 1180 (11th Cir. 2003) (noting that after the filing of a notice of appeal the Court retains jurisdiction to entertain and deny a Rule 60(b) motion but does not have the power to grant such

a motion); see also, Hunter v. Underwood, 362 F.3d 468, 475 (8th Cir. 2004) (noting that typically an appeal divests the district court of jurisdiction but recognizing that "[o]ur case law, however, permits the district court to consider a Rule 60(b) motion on the merits and deny it even if an appeal is already pending in this court, and a separate appeal may thereafter be taken to challenge the denial.") As such, plaintiff's motion for reconsideration must be denied.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration [Doc. #10] is **DENIED.**

Dated this 31st Day of October, 2008.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE